C. TONY PICCUTA (AZ SBN: 028444)
SCOTTSDALE INJURY LAWYERS, LLC
8700 E. Pinnacle Peak Road, Suite 204
Scottsdale, Arizona 85255
Telephone: (480) 900-7390
Facsimile: (480) 562-6060
tony@scottsdaleinjurylawyers.com

Attorney for Plaintiff, Prasant Patel

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Prasant Patel,<br><br>Plaintiff,<br><br>v.<br><br>Officer Dominique Vattuone (#1493), in his individual capacity,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Prasant Patel, by counsel, alleges as follows:

**INTRODUCTION**

This action arises from the aggressive and unnecessary attack of Prasant Patel by City of Scottsdale police officer Dominique Vattuone. On September 22, 2021, Patel was at a bar in Scottsdale, Arizona, enjoying his bachelor party with three of his friends. The celebration was brought to a halt when another patron made a false accusation against one of Patel's friends. Security escorted Patel out the front door of the establishment and flagged down Officer Vattuone, who had been on patrol in the area.

An investigation by Vattuone and no fewer than five other officers at the scene proved the patron's accusation to be unfounded. Regardless, it was Patel and his friends who were told to leave the premises. Patel questioned Vattuone why he and his friends were the ones being forced to leave, given that the patron had made a false report to

police. Patel also accused Vattuone of speaking to him in a demeaning and patronizing tone. Vattuone responded by grabbing Patel by the wrists, forcing him backwards into a fence, slamming him to the ground, breaking his nose and tasing him. Vattuone recommended multiple criminal charges, all of which were dismissed.

The acts and omissions complained of herein deprived Patel of his Fourth Amendment right to be free from the use of excessive force. Vattuone's retaliatory conduct also deprived Patel of his right to free speech under the First Amendment. Patel is suing Vattuone in his individual capacity under 42 U.S.C. § 1983 for these constitutional violations.

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, conferring jurisdiction upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the District of Arizona because a substantial part of the events or omissions giving rise to the claims occurred in Maricopa County, which is within the judicial district. 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, Prasant Patel, is a citizen of New York residing in Queens County, New York.

4. Defendant, Dominique Vattuone, is, and at all relevant times was, employed by the City of Scottsdale as a police officer with the Scottsdale Police Department. While engaged in the conduct alleged herein, Vattuone was acting under color of state law and within the scope of his employment as a Scottsdale police officer. Vattuone is being sued in his individual capacity.

## STATEMENT OF FACTS

5. On September 22, 2021, Patel was attending his bachelor party with three of his friends at Casa Amigos in the Entertainment District of Old Town in Scottsdale, Arizona.

///

6. Shortly after midnight, a patron accused one of Patel's friends of doing something he did not do. As a result, a Casa Amigos security member escorted Patel out the front door of the establishment.

7. At approximately 1:00 a.m., the Casa Amigos security member summoned Officer Vattuone as Vattuone was driving in the area. The security member informed Vattuone that a patron had made an accusation against Patel's group.

8. Vattuone communicated the accusation to Patel and conducted a search of his person. The investigation showed the accusation to be unfounded.

9. Shortly after, Vattuone informed Patel that he needed to pay his tab and leave the premises.

10. Patel was upset that he and his friends were being forced to leave Casa Amigos during his bachelor party based on a false accusation. Patel suggested to Vattuone that Vattuone should review the security video footage and that the patron who had made the false report should be arrested.

11. After paying his bar tab, Patel continued to question Vattuone outside Casa Amigos about why Patel was the one paying the consequences for the false accusation. Patel also suggested to Vattuone that Vattuone was talking to him in a demeaning or patronizing tone. Patel claimed that Vattuone was not speaking in his "actual" voice.

12. In response, Vattuone seized Patel by the wrists, delivered a knee strike to his body, and drove him backwards toward a chain link fence. Vattuone spun Patel around, placed his arm around Patel's neck and pushed him face first into the fence. Then, Vattuone slammed Patel to the pavement where Vattuone delivered knee and fist strikes to Patel's body and head and tased Patel in drive-stun mode. In the process, Vattuone caused Patel to suffer a left frontal scalp hematoma and a displaced nasal bone fracture.

13. At the time Vattuone went hands-on with Patel, no fewer than five to seven additional Scottsdale police officers were present at the scene and Patel had already been searched for weapons and contraband.

14. Patel was taken by ambulance to HonorHealth Scottsdale Osborn Medical Center for treatment for his injuries.

15. At no time did Patel attempt to flee the scene, evade arrest, or engage in active resistance of his arrest.

16. All charges against Patel arising from the incident were dismissed.

## FIRST CLAIM FOR RELIEF

**Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983)**

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. Vattuone seized Patel by the wrists, delivered a knee strike to his body, drove him backwards toward a chain link fence, spun him around and placed an arm around his neck, pushed him face first into the fence, slammed him to the ground, delivered knee and fist strikes to his body and head and tased him. These uses of force by Vattuone constituted seizures of Patel's person under the Fourth Amendment to the United States Constitution.

19. In seizing Patel's person, as described above, Vattuone acted intentionally.

20. When Vattuone decided to go hands-on with Patel, and throughout the various uses of force against him, Patel was not actively resisting or attempting to evade arrest, posed no immediate threat to the safety of the officers or to others, and was suspected of minor, if any, criminal activity. Vattuone was assisted by five to seven other officers, and Vattuone had already searched the person of Patel. This allowed Vattuone time to deliberate and determine the amount and type of force to use. Further, there were available alternative methods to take Patel into custody, such as turning him around and handcuffing him while utilizing, if necessary, the assistance of the other officers. As a result, the numerous uses of force by Vattuone against Patel were not objectively reasonable under the circumstances.

///

///

21. Patel had a right under the Fourth Amendment to be free from the use of unreasonable force by Vattuone while Patel was being detained and arrested. Vattuone's use of excessive force deprived Patel of this right.

22. Vattuone's Fourth Amendment violation caused Patel to suffer injuries and damages, including pain, discomfort, suffering, disability, disfigurement, anxiety, a left frontal scalp hematoma and a displaced nasal bone fracture.

23. Vattuone's conduct was driven by an evil motive or intent or, alternatively, amounted to a callous or reckless indifference to Patel's constitutional rights. As a result, an award of punitive damages is proper to punish Vattuone's wrongful conduct and to deter him and others from engaging in similar conduct in the future.

## SECOND CLAIM FOR RELIEF

### First Amendment Retaliation (42 U.S.C. § 1983)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25. Patel was engaged in a constitutionally protected activity, namely the right to freedom of speech, when he questioned Vattuone outside Casa Amigos and suggested to Vattuone that Vattuone was not speaking to him in his "actual" voice.

26. Vattuone's uses of force against Patel would chill a person of ordinary firmness form continuing to engage in the protected activity, i.e., free speech, in which Patel was engaged.

27. Patel's questioning of and comments toward Vattuone were substantial and motivating factors in Vattuone's decision to use force against him.

28. Vattuone's retaliatory use of force deprived Patel of his right to freedom of speech under the First Amendment to the United States Constitution.

29. Vattuone's First Amendment violation caused Patel to suffer injuries and damages, including pain, discomfort, suffering, disability, disfigurement, anxiety, a left frontal scalp hematoma and a displaced nasal bone fracture.

///

30. Vattuone's conduct was driven by an evil motive or intent or, alternatively, amounted to a callous or reckless indifference to Patel's constitutional rights. As a result, an award of punitive damages is proper to punish Vattuone's wrongful conduct and to deter him and others from engaging in similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For compensatory damages in an amount according to proof at trial;

B. For punitive damages in an amount sufficient to punish and deter;

C. For pre-judgment interest as allowed by law;

D. For costs and attorney's fees; and

E. For such other relief as the Court deems just and proper.

Dated: __October 27, 2022____

**SCOTTSDALE INJURY LAWYERS, LLC**

/s/ C.T. Piccuta

C. Tony Piccuta
Attorney for Plaintiff, Prasant Patel

## JURY TRIAL DEMAND

Plaintiff, pursuant to Fed. R. Civ. P. 38, demands a trial by jury on all issues so triable.

Dated: __October 27, 2022____

**SCOTTSDALE INJURY LAWYERS, LLC**

/s/ C.T. Piccuta

C. Tony Piccuta
Attorney for Plaintiff
Prasant Patel