C. TONY PICCUTA (AZ SBN: 028444)
SCOTTSDALE INJURY LAWYERS, LLC
8700 E. Pinnacle Peak Road, Suite 204
Scottsdale, Arizona 85255
Telephone: (480) 900-7390
Facsimile: (480) 562-6060
tony@scottsdaleinjurylawyers.com

Attorney for Plaintiff, Prasant Patel

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Prasant Patel,<br><br>Plaintiff,<br><br>v.<br><br>Officer Dominique Vattuone (#1493), in his individual capacity,<br><br>Defendant. | No. 2:22-CV-01852-MTL-MTM<br><br>**PLAINTIFF PRASANT PATEL'S CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, Prasant Patel ("Patel"), pursuant to Federal Rule of Civil Procedure 56(c) and LRCiv 56.1(b), hereby submits this Controverting Statement of Facts in Support of His Response in Opposition to Defendant's Motion for Summary Judgment, and sets forth as follows:

1. While on patrol in full Scottsdale Police Department ("SPD") uniform in Old Town's Entertainment District in the early morning hours of September 22, 2021, Officer Vattuone was flagged down by Casa Amigos bar and nightclub security guard Christopher Kim ("Kim") who had escorted Patel from the busy nightclub at roughly

1:00 am.[1] ***Exhibit 1, Scottsdale Police Department Report #21-18513 ("DR21-18513") at COS-PATEL000057; Exhibit 24, Vattuone Declaration; Exhibit 17, Transcript of Dominique Vattuone IA Interview ("Vattuone IA Transcript") at COS-PATEL-000129:30-32; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

1. Disputed. The security guard escorted Patel's cousin, Shivam, from the bar. Patel voluntarily went outside to check on Shivam. ***Doc. 53-1, Ex. 2, Patel Dep. at 47:14–25, 50:23–51:1***.[2]

2. Kim explained to Officer Vattuone that Patel had bought a round of "shots" for several women in the bar and that one of the women accused him of slipping something into her drink. ***Exhibit 1, Scottsdale Police Department Report #21-18513 ("DR21-18513") at COS-PATEL000057; Exhibit 16, Vattuone Deposition Transcript ("Vattuone Depo") at 18:23-25.***

2. Undisputed but incomplete. Patel and his cousin, Shivam, bought the shots and were accused of the wrongdoing. ***Doc. 53-1, Ex. 1, Scottsdale Police Department Report #21-18513 ("DR21-18513") at COS-PATEL000057***.

3. Patel and his companions admitted to officers on scene to buying shots for women but denied putting anything in the women's drinks. ***Exhibit 1, Scottsdale Police Department Report #21-18513 ("DR21-18513") at COS-PATEL000057.***

---

[1] Many of the facts asserted in Defendant's Statement of Facts are immaterial, argumentative or legal conclusions. Patel will refrain from objecting on these grounds. *See Pereyda-Rios v. Arizona Dep't of Pub. Safety*, No. CV 18-00032-TUC-RM, 2019 WL 11626281, at *2 (D. Ariz. Aug. 5, 2019) ("Summary judgment turns on whether there are disputed *material* facts; thus, objections to facts as immaterial or irrelevant are redundant."); *see also Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (explaining that objections to evidence on the ground that it is irrelevant, argumentative or a legal conclusion are duplicative of the summary judgment standard and are unnecessary).

[2] Patel cites to certain materials that were filed by Defendant in support of his Motion for Summary Judgment and, as such, the materials are already part of the record. In those instances, Patel cites the document number, e.g., Doc. 53-1, and the pin cite where the information can be found.

3. Undisputed.

4. From the outset of this interaction Patel repeatedly stated to Officer Vattuone and other SPD officers on the scene that he was a military veteran. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000057 and (Valentine Supplement) at COS-PATEL-0000067.***

4. Undisputed that Patel told Vattuone that he was a military veteran. Plaintiff objects on the ground that the statement is unsupported by the evidence to the extent Defendant claims Patel "repeatedly" told Vattuone that he was a military veteran.

5. While this was happening SPD Officer Amber Valentine ("Officer Valentine") interviewed one of the complaining women, Savannah Songer. ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 3, Valentine 1 on-body camera ("OBC") at COS-PATEL-000003, timestamp 00:57:45-01:00:14.***

5. Undisputed.

6. Ms. Songer explained that Patel was standing at the bar trying to "talk her up" and offered to buy her a shot. ***Exhibit 3, Vallentine 1 OBC at COS-PATEL-000003, timestamp 00:58:02 – 00:58:24***.

6. Patel objects on the ground that the statement is unsupported by the evidence. Ms. Songer did not identify whether she was referring to Patel or one of Patel's three cousins.

7. Ms. Songer reported that Patel acted suspiciously after the bartender delivered the two shots, putting his hands over both shots and touching the shots in a manner she described as acting "weird." ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 3, Vallentine 1 OBC at COS-PATEL-000003, timestamp 00:59:34-00:59:41***.

7. Undisputed.

8. Ms. Songer also reported that instead of drinking his shot, Patel attempted to covertly dump his shot under the bar but that the shot landed on her feet. ***Exhibit 1,***

***DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 3, Valentine 1 OBC, COS-PATEL-000003 at timestamp 00:58:20-00:58:23.***

8. Patel objects on the ground that the evidence does not support that Patel attempted to covertly dump his shot under the bar. The statement is otherwise undisputed.

9. Ms. Songer reported that this added to her suspicion and concern. ***Exhibit 3, Valentine 1 OBC, COS-PATEL-000003 at timestamp 00:59:30-00:59:40.***

9. Patel objects on the ground that the statement is unsupported by the evidence.

10. Ms. Songer explained that she did not feel comfortable with him after this interaction and that other female bar patrons had come forward after her to share concerns. ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 3, Valentine 1 OBC, COS-PATEL-000003 at timestamp 00:59:04-00:59:17.***

10. Undisputed.

11. Ms. Songer explained that she felt she had to report the incident but did not wish to be involved in a prosecution. ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 3, Valentine 1 OBC, COS-PATEL-000003 at timestamp 00:58:38-00:59:00 and 01:00:00-01:00:08.***

11. Undisputed.

12. Ms. Songer merely wanted to be sure that Patel and his companions were excluded from the bar. ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 03, Valentine 1 OBC, COS-PATEL-000003 at timestamp 00:58:44-00:58:47.***

12. Undisputed.

13. Officer Vattuone told Patel that he located no evidence to support the claim that he and his companions had put anything in the women's drinks, and the reporting witness did not want to pursue a prosecution. ***Exhibit 1, DR21-18513 (Vattuone***

***Supplement) at COS-PATEL-000057 and (Schwartz** Supplement**) at COS-PATEL-000063; Exhibit 20, Schwartz Declaration.***

13. Undisputed.

14. Officer Vattuone explained that Casa Amigos staff just needed Patel and his companions to settle their open bar tab and leave the premises. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000057 and (Valentine Supplement) at COS-PATEL-0000066; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000131:92-97; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

14. Undisputed.

15. Officer Vattuone emphasized several times that they were not in any trouble and that they would be free to go after they paid their tab. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000057; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000138:86-90; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

15. Undisputed.

16. Patel, highly intoxicated, became increasingly agitated and aggressive with Officer Vattuone over the course of several minutes, demanding that he review security footage and investigate the complaining bar patron for making a false allegation. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000057; Exhibit 16, Vattuone Depo at 21:2-21, 55:22-56:1, 66:16-19, 86:21-23; Exhibit 17, Vattuone IA Transcript at COS-000131:129-132:145, 000134:226-229; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

16. Disputed that Patel was highly intoxicated. As Vattonue testified at his deposition, Patel was "moderately" intoxicated. Also, disputed that Patel was agitated and aggressive. Patel was confused and worried because of the accusations made against him and was critical of Vattuone for not securing the video surveillance that would exonerate him. He was looking for answers in a questioning tone. ***Doc. 53-1, Ex.2, Patel***

***Dep. at 59:1–12, 60:8–12, 64:1–15, 75:22–76:17; Doc. 53-2, Ex. 16, Vattuone Dep. at 22:20–23, 23:15–21***. The statement is otherwise undisputed.

17. Prior to arriving at Casa Amigos, Patel testified that he and his companions played golf in the early afternoon, spent roughly 3 hours having dinner and drinks at Jose Cuervo's restaurant from 6:00-9:00 pm, before walking to the Casa Amigos bar and nightclub where they arrived sometime between 9:00–10:00 pm and stayed there having drinks at the bar until they were escorted out by bar security just before 1:00 am. ***Exhibit 2, Patel Depo at 40:2-44:16.***

17. Patel objects on the ground that the evidence does not support that "they" were escorted out by bar security. The security guard escorted Patel's cousin, Shivam, from the bar. Patel voluntarily went outside to check on Shivam. ***Doc. 53-1, Ex. 2, Patel Dep. at 47:14–25, 50:23–51:1***. The statement is otherwise undisputed.

18. Patel's cousin Shivam testified that after dinner they "decided to go bar hopping . . . [e]nded up at a few bars" before arriving at Casa Amigos. ***Exhibit 4, Shivam Patel Deposition ("Shivam Deposition") at 23:1-24:1.***

18. Undisputed.

19. Having concluded the investigation, officers repeatedly told Patel to move on after signing the bar tab, that he was not in trouble and not let this ruin his bachelor party or visit to Arizona. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000057-58 and (Vallentine Supplement) at COS-PATEL-000066.***

19. Undisputed.

20. Officer Vattuone told Patel to "go home, please" to "please leave" and telling him he was no longer welcome at Casa Amigos and "needed to leave." ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; exhibit 17, Vattuone IA Transcript at COS-PATEL-000131:92-93; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

20. Undisputed.

21. Officer Valentine implored Patel to sign his bar bill so "you can go home and then we're done with you." ***Exhibit 5, Valentine 2 OBC at COS-Patel-000004, timestamp 01:10:39-01:10:43; Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:10:39-01:10:43; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:10:39-01:10:43.***

21. Undisputed.

22. Patel responded by asking "or what" to which Officer Vattuone responded, "then you go with me" indicating that Plaintiff would be arrested if he would not leave the premises ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058.***

22. The statement is disputed and is directly contradicted by the audio/video evidence in the record. Patel responded by apologizing and signing his tab. ***Doc. 53-1***, ***Ex. 6, Vattuone 2 OBC at 01:10:39-01:11:35.***

23. After eventually signing his bar tab, Patel's companions, also severely intoxicated, implored Patel to leave. ***Exhibit 4, Shivam Depo at 33:8:13; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:11:34-01:11:53; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000134:243-245.***

23. The statement is disputed to the extent it implies that Patel was severely intoxicated. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 22:20–23, 23:15–21***. The statement is otherwise undisputed.

24. Officer Vattuone remained in front of Casa Amigos as Patel and his companions continued fighting, yelling and pushing each other on the sidewalk, knocking down a passerby who attempted to intervene and disrupting other people as they tried to walk by on the sidewalk. ***Exhibit 1, DR21-18513 (Schwartz Supplement) at COS-PATEL-000058.***

24. Patel objects on the ground that the evidence does not support that a passerby was knocked to the ground. The statement is disputed to the extent that a passerby attempted to intervene, that other people were disrupted, and that Patel and his

cousins were "fighting." ***Doc. 53-2, Ex. 26, Vasquez 3 OBC at 01:11:30–01:15:30***. The statement is otherwise undisputed.

25. Patel approached Officer Joseph Vazquez who advised "you need to get an Uber and go home alright." ***Exhibit 26, Vasquez 3 OBC at COS-PATEL-000017 at 01:13:29-01:13:34.***

25. Undisputed.

26. Patel responded defiantly, "nah, nah, nah, nah, nah, that's not happening tonight." ***Exhibit 26, Vasquez 3 OBC at COS-PATEL-000017 at 01:13:29-01:13:34.***

26. Undisputed.

27. Officer Vattuone had moved away from Patel and his group, returning to stand at the entrance to Casa Amigos. ***Exhibit 8, Lebya 2 OBC at timestamp 01:17:12-01:17:40; Exhibit 10; Vattuone 3 OBC at timestamp 01:17:12-01:17:40***.

27. Undisputed.

28. Patel continued reapproaching Officer Vattuone, ignoring no fewer than 13 orders to leave and/or go home. ***See generally Exhibit 21, Vattuone 1 OBC at COS-PATEL-000008, Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, and Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010.***

28. Undisputed.

29. Officer Vattuone tried to create a safe distance between he and Patel, but Patel moved closer and closer to Officer Vattuone, who again gave him a lawful command to move back. ***Exhibit 16, Vattuone Depo at 64:6-21.***

29. Patel objects on the ground that the statement is unsupported by the evidence. Vattuone's testimony makes no mention of an attempt to create a safe distance, of Patel moving closer and closer, or of Vattuone giving Patel a command to move back. The statement is also disputed in that Vattuone could have stepped back to create more space between him and Patel but chose not to. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 64:9–65:13***.

30. Patel became increasingly agitated, erratic and aggressive, yelling at Officer Vattuone and waving his hands aggressively within inches of Officer Vattuone's face. ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000066; Exhibit 16, Vattuone Depo at 27:11-28:19, 66:16-19, 86:19-23***.

30. Disputed. Patel was confused and worried because of the accusations made against him. He was looking for answers in a questioning tone. Also, Patel was not waving his hands aggressively at Vattuone or in a threatening manner. Patel raised his hands in a questioning manner, while holding his wallet and credit card. ***Doc. 53-1, Ex.2, Patel Dep. at 59:1–12, 60:8–12, 64:1–10***; ***Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:18:56-01:19:09***.

31. Over the course of this interaction with SPD, Patel was given no fewer than 7 lawful commands to put his hands down and/or to not touch officers and advised repeatedly that he would go to jail or be arrested if he continued to not comply. ***Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:06:17-01:06:19; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:06:17-01:06:19;*** (Officer Vattuone - "put your hands down"); ***Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:06:27-01:06:30; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:06:27-01:06:30;*** (Officer Vattuone - "don't raise your hands one more time"); ***Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:07:36-01:07:37; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:07:36-01:07:37*** (Officer Vattuone - "put your fucking hands down"); ***Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:09:26-01:09:28; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, ti mestamp 01:09:26-01:09:28*** (Officer Vattuone - "put your fucking hands down"); ***Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:09:28-01:09:29; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:09:28-01:09:29*** (Officer Vattuone - grabs Patel's wrist "put your hand down or you're going to go to jail"); ***Exhibit 5, Valentine 2 OBC at COS-PATEL-000004 timestamp 01:15:17-01:15:22;*** (Officer Valentine – "don't touch me, I swear to God if you touch

me you're going to jail"); ***Exhibit 6, Vattuone 2 OBC at COS-PATEL-000009, timestamp 01:19:09-01:19:11; Exhibit 7, Leyba 1 OBC at COS-PATEL-000001, timestamp 01:19:09-01:19:11*** (Officer Vattuone – "put your hands down")**.**

31. Patel objects on the ground that the statement is unsupported by the evidence. The evidence does not support that Patel ever touched an officer. Nor does the evidence encompass "this interaction" to which the statement purports to refer.

32. Officer Vattuone lawfully commanded Patel "put your hands down" and warned him to "please leave" or he would be arrested for failure to obey a police officer and go to jail. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058.***

32. Undisputed.

33. Patel continued yelling and becoming more erratic, again aggressively and swiftly raising his hands close to Officer Vattuone's face. ***Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010, timestamp 01:18:56-01:19:09; Leyba 2 OBC at COS-PATEL-000002, timestamp 01:18:56-01:19:09.***

33. Disputed. Patel was confused and worried because of the accusations made against him. He was looking for answers in a questioning tone. The statement is also disputed to the extent it implies that Patel was raising his hands in a threatening manner toward Vattuone. Patel raised his hands in a questioning manner, while holding his wallet and credit card. ***Doc. 53-1, Ex.2, Patel Dep. at 59:1–12, 60:8–12, 64:1–10; Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:18:56-01:19:09***.

34. Officer Vattuone noted Patel's increasing display of aggression and that his hands were within striking distance of his face and dangerously close to his taser, trauma shears and folding knife kept accessibly on the front of his vest. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010 timestamp 01:18:55-01:19:09; Leyba 2 OBC at COS-PATEL-000002, timestamp 01:18:55-01:19:09; Exhibit 16, Vattuone Depo at 58:5-23; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000140:528-533; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

34. Disputed that Patel was increasingly aggressive toward Vattuone. Patel was confused and worried because of the accusations made against him. He was looking for answers in a questioning tone. The statement is also disputed in that it implies that Patel was raising his hands in a threatening manner toward Vattuone. Patel raised his hands in a questioning manner, while holding his wallet and credit card. Finally, the statement is disputed that Patel's hands were dangerously close to Vattuone's weapons. As Vattuone testified, he did not believe that Patel was going to be able to take any of his weapons from him. ***Doc. 53-1, Ex.2, Patel Dep. at 59:1–12, 60:8–12, 64:1–10; Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:18:56-01:19:09; Doc. 53-2, Ex. 16, Vattuone Dep. at 59:19–23***.

35. Officer Vattuone had been struck in the face in the line of duty before and recognized a threat to his safety with Patel not obeying orders and thrusting his hands within striking distance of his face. ***Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010, timestamp 01:18:55-01:19:11; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:18:55-01:19:11; Exhibit 16, Vattuone Depo at 87:13-22; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000132:151-171 and 135:293-301; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

35. Disputed that Patel thrust his hands toward Vattuone. Patel raised his hands in a questioning manner, while holding his wallet and credit card. ***Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:18:56-01:19:09***. The statement is otherwise undisputed.

36. Officer Vattuone finally took hold of Patel's hands within inches of his face and arrested him for failure to obey a police officer. ***Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010, timestamp 01:19:09 – 01:19:11; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:09-01:19:11; Exhibit 19, Scottsdale Revised Code § 19-13***(referencing A.R.S. § 13-2508.).

36. Undisputed.

37. Patel broke Officer Vattuone's hold on his wrists by resisting, tensing his muscles, interlocking his fingers in a closed fist and pushing back against Officer

Vattuone. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010, timestamp 01:19:10-01:19:12; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:10-01:19:12.***

37. Disputed. Patel did not break Vattuone's hold, have his fingers interlocked or push back. Patel's hands were never together. Vattuone brought Patel's hands to his side, pushed him backwards, and intentionally released his hold of Patel so that he could deliver a knee strike. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:11-01:19:18***.

38. Officer Vattuone tried to pull Plaintiff's arms to his back for handcuffing, but he was unable to pull Plaintiff's tensed up fists apart. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010, timestamp 01:19:13-01:19:15; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:13-01:19:15.***

38. Disputed. Patel's hands were never together, and Vattuone did not attempt to handcuff Patel before throwing him to the ground. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:11-01:19:18.***

39. Officer Vattuone delivered a knee strike to Plaintiff's left hip area, just below his belt and above his thigh. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:12-01:19:14; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005 timestamp 01:19:12-01:19:14.***

39. Undisputed.

40. The knee strike succeeded in separating Plaintiff's hands apart. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:12-01:19:14; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005 timestamp 01:19:12-01:19:14.***

40. Undisputed that Vattuone delivered a knee strike. Disputed in that Patel's hands were never together. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:11-01:19:18***.

41. Officer Vattuone attempted to move Patel to a nearby chain-link fence to facilitate control and handcuff him on his feet without having to go to the ground. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:10-01:19:15; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005, timestamp 01:19:10-01:19:15; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000135:315-136:323; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

41. Disputed that Vattuone ever attempted to handcuff Patel before throwing him to the ground. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:11-01:19:18***. The statement is otherwise undisputed.

42. Patel continued resisting arrest by pushing off the fence, twisting and pulling away from Officer Vattuone. ***Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:10-01:19:17; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005 timestamp 01:19:10-01:19:17; Exhibit 16, Vattuone Depo at 69:9-70:21.***

42. Disputed. Patel was not resisting arrest, twisting or pulling away. Vattuone, with full control of Patel's movements, spun Patel around, put his arm around Patel's neck, slammed him against the fence, and threw him to the ground. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:11-01:19:18***.

43. Following his training in response to active resistance, Officer Vattuone guided Patel to the ground. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:15-01:19:20; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005 timestamp 01:19:15-01:19:20.***

43. Disputed. Patel was not engaged in active resistance. Patel was charged with passive resistance, though he was not resisting at all. Vattuone, with full control of Patel's movements, spun Patel around, put his arm around Patel's neck, and slammed him against the fence. Vattuone then threw Patel to the ground face first, breaking Patel's nose. ***Doc. 53-1, Ex. 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000053,***

***000058***; ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:11-01:19:18***; ***Doc. 53-2, Ex. 16, Vattuone Dep. at 91:1–92:4***.

44. Once prone on the ground, Patel pulled his right hand under his stomach. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:23-01:19:35.***

44. Disputed. Patel landed on his own right hand with Vattuone on top of him. The weight of Vattuone prevented Patel from giving up his right hand until Vattuone shifted his weight. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:23-01:19:45***.

45. Patel's active resistance continued as he disobeyed several lawful commands to "give me your hand" and continued to twist, pull away and tense up. Officer Vattuone attempted three brachial stuns, an open-handed pain compliance technique, to gain control over Patel and compliance with order to surrender his hands. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp:01:19:15-01:19:55; Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010 timestamp 01:19:15 – 01:19:55; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005 timestamp 01:19:15-01:19:55; Exhibit 16, Vattuone Depo at 72:14-24.***

45. Disputed. Patel was not engaged in active resistance. Vattuone had control of Patel's left hand when they went to the ground. Patel landed on his own right hand with Vattuone on top of him. Vattuone mounted Patel with both legs straddling his midsection and delivered a closed fist strike to Patel's head. At the same time, Valentine grabbed both of Patel's legs. Officer Leyba then grabbed the back of Patel's head at the base of his skull with both hands. Vattuone told Leyba to let go of Patel's head and neck. Leyba did so, exposing Patel's head and neck, and Vattuone delivered three brachial stuns and a knee strike. The weight of Vattuone prevented Patel from giving up his right hand immediately upon landing on the ground and until Vattuone shifted his weight. When Vattuone shifted his weight, Patel voluntarily placed his right hand on the back of his head. Patel yelled, "I'm giving you my hand," which Officer Leyba seized and took

control of. Vattuone placed Patel's left hand on the back of Patel's head and maintained control of it. Then, with Patel's hands secured to the back of his head, Vattuone tased Patel in drive stun mode. ***Doc. 53-1, Ex. 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059***; ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:15-01:19:55***; ***Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:19:15-01:19:55; Doc. 53-2, Ex. 17, Vattuone IA Transcript at COS-PATEL-000139:464–477***.

46. Even after the brachial stuns, Patel did not comply. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:15-01:19:55; Exhibit 10, Vattuone 3 OBC at COS-PATEL-000010, timestamp 01:19:15-01:19:55; Exhibit 15, Valentine 3 OBC at COS-PATEL-000005, timestamp 01:19:15-01:19:55; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000137:377-138:431; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

46. Disputed. At no time was Patel non-compliant. Vattuone immediately had control of Patel's left hand when they went to the ground. Patel landed on his own right hand with Vattuone on top of him. The weight of Vattuone prevented Patel from giving up his right hand until Vattuone shifted his weight. When Vattuone did, Patel voluntarily placed his right hand on his head. Patel yelled, "I'm giving you my hand," which Officer Leyba seized and took control of. At that time, Vattuone placed Patel's left hand on Patel's head and maintained control of it. ***Doc. 53-1, Ex. 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059***; ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:15-01:19:55***; ***Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:19:15-01:19:55; Doc. 53-2, Ex. 17, Vattuone IA Transcript at COS-PATEL-000139:464–477***.

47. After warning Patel that he would be tased if he continued resisting, Officer Vattuone delivered a single five (5) second taser drive stun which finally resulted in Patel's compliance. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000059; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:19:25-1:20:05; Exhibit 10, Vattuone OBC 3, COS-PATEL-000010, timestamp 01:19:25-01:20:05;***

***Exhibit 15, Valentine OBC 3 at COS-PATEL-000005, timestamp 01:19:25-1:20:05; Exhibit 17, Vattuone IA Transcript at COS-PATEL-000138:450-495; Exhibit 18, Vattuone IA Audio Interview at COS-PATEL-000128.***

47. Undisputed that Vattuone tased Patel. Disputed that Patel was resisting and had failed to comply. Patel was face down with his hands on his head. Vauttone had control of Patel's left hand, and Leyba had control of Patel's right hand. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:35-01:20:05***; ***Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:19:35-01:20:05***.

48. A crowd of people in the area, including Plaintiff's companions, pressed forward towards the officers, and were warned repeatedly to stay back. ***Exhibit 1, DR21-18513 (Valentine Supplement) at COS-PATEL-000067; Exhibit 8, Leyba 2 OBC at COS-PATEL-000002, timestamp 01:20:35-01:21:05; Exhibit 10, Vattuone OBC 3, COS-PATEL-000010, timestamp 01:20:37-01:20:38; Exhibit 15, Vallentine 3 OBC at COS-PATEL-000005, timestamp 01:19:40-1:19:46.***

48. Disputed. The crowds of people were pressing forward toward Casa Amigos to try to get to the bar. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:20:35-01:21:05***.

49. Patel was arrested for disorderly conduct fighting, disorderly conduct disruptive behavior, failure to obey a police officer and resisting arrest. ***Exhibit 1, DR21-18513 (Traffic Ticket and Complaint) at COS-PATEL-000075.***

49. Undisputed but incomplete. Patel was arrested for resisting arrest for engaging in "passive resistance." ***Doc. 53-1, Ex. 1, DR21-18513 (Traffic Ticket and Complaint) at COS-PATEL-000075***.

50. He was transported to the hospital for assessment and eventually booked into jail. ***Exhibit 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000060.***

50. Undisputed.

51. Plaintiff was arrested and charged with Failure to Obey a Police Officer (SRC § 19-13), Disorderly Conduct Fighting (A.R.S. § 13-2904(A)(1)), Disorderly Conduct Disruptive Behavior (A.R.S. § 13-2904(A)(1)) and Resisting Arrest (A.R.S. §

13-2508(A)(3). ***Exhibit 1, DR21-18513 (Traffic Ticket and Complaint) at COS-PATEL-000075.***

51. Undisputed but incomplete. Patel was arrested for resisting arrest for engaging in "passive resistance." ***Doc. 53-1, Ex. 1, DR21-18513 (Traffic Ticket and Complaint) at COS-PATEL 000075***.

52. After his arraignment on September 22, 2021, Patel was granted a release conditioned on his agreement to not return to Casa Amigos, the scene of his crimes, and that he abstain from consuming alcohol or any illegal drugs. ***Exhibit 9, Scottsdale City Court documents at COS-PATEL-000532-533.***

52. Undisputed.

53. Patel retained Ryan Cummings as defense counsel for his underlying criminal case, Case No. 2021014844 in Scottsdale City Court. ***Exhibit 2, Patel Depo at 88:19-25; Exhibit 9, Scottsdale City Court documents at COS-PATEL-000534-535.***

53. Undisputed.

54. Patel testified that at some point early in his criminal case he became aware that there was a Veteran's Court program available to him. ***Exhibit 2, Patel Depo at 89:1-3.***

54. Undisputed.

55. Patel testified that he served in the United States Army for 9 months before he was discharged after suffering a stress fracture during training. ***Exhibit 2, Patel Depo at 21:11-25:9.***

55. Undisputed.

56. Patel testified that this program appealed to him because it "*might have been easier to get some or – if not all the charges either dismissed or knocked down to a misdemeanor*" and "*[t]hat I could have. You know, potentially charges dismissed . . . .*" ***Exhibit 2, Patel Depo at 89:18-90:2; 92:22-94:6.***

56. Undisputed.

///

57. Believing he could more easily get his charges dismissed in Veteran's Court, Patel requested that his case be transferred there. ***Exhibit 9, Scottsdale City Court documents at COS-PATEL-000554-556; Exhibit 2, Patel Depo at 91:18-93:11.***

57. Patel objects on the ground that the statement is unsupported by the evidence. As Patel testified, he chose the program because he was a veteran. ***Doc. 53-1, Ex. 2, Patel Dep. at 91:25–92:4***.

58. Prior to the pretrial conference in the criminal matter, Patel's defense attorney negotiated a pre-trial resolution requesting, on November 30, 2021, to have his criminal case transferred to East Valley Regional Veteran's Court. ***Exhibit 9, Scottsdale City Court documents at COS-PATEL-000545, 548-550.***

58. Undisputed.

59. Patel's participation in the Veteran's Court program involved completion of several Court directives and required tasks, including anger management and substance abuse counseling as well as the requirement that he "*[w]rite apology letter to the Scottsdale Police Officer Vattuone no later than 6/20/22*." ***Exhibit 11, VA Court Directive at COS-PATEL-000020, Exhibit 2, Patel Depo at 94:14-95:5.***

59. Undisputed.

60. The June 10, 2022, Directive from the Veteran's Court instructed Patel "*that failure to abide by these requirements may result in sanctions as described in the Veterans Court Participant Handbook or may result in my removal from Veterans Court*." ***Exhibit 11, 6/10/22 VA Court Directive at COS-PATEL-000020.***

60. Undisputed.

61. To fulfill the Veteran's Court requirements for continuing participation in the program, Patel wrote Officer Vattuone the following:

*I sincerely apologize for the way I acted on the night of September 21st. After reviewing the body cam footage, I felt sick to my stomach, I can't believe I was addressing the very individuals who risk their lives to keep civilians like myself safe in such a disgusting manner. I am a law-abiding citizen and a veteran I apologize for myself my race my age group and most importantly on behalf of all the veterans out there.*

*No-one should ever be spoken to like the way I spoke to you Officer Vattuone, I commend you on the way you handled the situation. You were an extreme professional*

*who showed an immense amount of patience, the ball was in my court, and I unfortunately did not play it right. I was given many outs by you, but I kept the full court press and this was a humbling experience that I've definitely learned from.*
***Exhibit 12, Apology Letter at COS-PATEL-000019a-b.***

61. Undisputed.

62. Patel testified that he wrote this letter himself without any assistance. ***Exhibit 2, Patel Depo at 98:9-15.***

62. Undisputed.

63. Patel separately left a voicemail for Officer Vattuone, in June 2022 (before completion of the Veteran's Court program) during which he stated in relevant part, ". . . *reviewing some footage and yeah uh was not a good human being that night. So just wanted to call let you know, you know thank you for your service you did a fantastic job honestly uh, if I was in your position I may not have handled it as well as you did*. . . ." ***Exhibit 13, Patel phone call to Vattuone at COS-PATEL-000019.***

63. Undisputed.

64. Upon completion of the requirements of the Veteran's Court program, including all required counseling and apology letter reproduced above, Patel's criminal case was dismissed at the request of the Scottsdale City Attorney's Office. ***Exhibit 14, Disposition Form at COS-PATEL-000052; Exhibit 9, Scottsdale City Court documents (minute entry) at COS-PATEL-000557.***

64. Undisputed.

65. Patel testified that on completion of the Veteran's Court program he received the benefit of having his charges dismissed. ***Exhibit 2, Patel Depo at 92:15-93:11.***

65. Undisputed.

66. The Veteran's Court and Scottsdale City Court accepted Patel's position in his criminal case, expressing complete accountability, commending Officer Vattuone for the way he handled the situation, thanking him for his service and describing Officer Vattuone as "*an extreme professional*" during this incident and asserting that he "*did a*

*fantastic job honestly*." ***Exhibit 12, Apology Letter at COS-PATEL-000019a-b; Exhibit 13, Patel phone call to Vattuone at COS-PATEL-000019***.

66. Undisputed.

67. Officer Vattuone used his discretion to give Patel a break while on his bachelor party trip with friends, electing to not charge him with active resistance to "keep it as a misdemeanor versus him getting a felony . . .." ***Exhibit 16, Vattuone Depo at 90:7-19.***

67. Disputed to the extent the statement implies that Patel engaged in active resistance. ***Doc. 53-1, Ex. 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000058; Doc. 53-2, Ex. 17, Vattuone IA Transcript at COS-PATEL-000139:464–477***. Undisputed that Patel was on his bachelor party trip.

## PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

68. Prior to Vattuone's use of force, Patel and Shivam consented to searches of their persons by Vattuone. Vattuone conducted the searches and found no evidence to support the accusations against them. ***Doc. 53-1, Ex. 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000057***.

69. At the time of the incident, Vattuone was 6'4" and, with his tactical gear on, weighted 215 pounds. Patel was 5'6", 160 pounds. ***Doc. 53-1, Ex. 2, Patel Dep. at 17:7–16; Doc. 53-2, Ex. 16, Vattuone Dep. at 43:7–44:1***.

70. Vattuone had five assisting officers during his use of force against Patel including two officers other than Valentine and Leyba who were standing over Patel during Vattuone's use of force. ***Doc. 53-1, Ex. 1, DR21-18513 (Vattuone Supplement) at COS-PATEL-000056***.

71. Vattuone did not believe that Patel was armed. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 20:18–20***.

72. Prior to Vattuone's use of force, Vattuone told Patel to "shut your fucking mouth," and that "you're acting like a little bitch right now." ***Doc. 53-1, Ex. 10, Vattuone 3 OBC at 01:06:00-01:06:10***.

73. Prior to Vattuone's use of force, Vattuone told Patel that he was not his babysitter, and that he was going to put Patel in a timeout. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 41:24–42:3***.

74. Prior to Vattuone's use of force, he never informed Patel that he was under arrest. Nor did he command Patel to turn around and put his hands behind his back. However, as Vattuone admitted, he believed that he had time to do so. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 67:2–11, 69:9–15***.

75. The moment before Vattuone went hands on with Patel, Vattuone was speaking to Patel in a demeaning tone. Patel raised his hands in disbelief, with his wallet and credit card still in one hand, and told Vattuone that Vattuone was not using his actual voice. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:00-01:19:11***.

76. When Vattuone initially went hands-on with Patel, Patel was not attempting to evade arrest or escape. Nor had Patel swung on Vattuone, pushed him, or took a fighting stance. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 62:10–13, 86:25–87:8***.

77. In addition to the brachial stuns, Vattuone delivered a knee strike to Patel while they were on the ground. ***Doc. 53-2, Ex. 16, Vattuone Dep. at 94:9–22***.

78. On the ground, Vattuone said, "he wants to keep it up, you wanna keep it up?" Seconds later, Vattuone said, "I'm about to tase you into next fucking week." Following Vattuone's comments, Vattuone and Leyba secured Patel's hands behind his head. Then, Vattuone tased Patel. ***Doc. 53-1, Ex. 8, Leyba 2 OBC at 01:19:15-01:20:05; Doc. 53-2, Ex. 16, Vattuone Dep. at 41:24–42:3***.

79. After Vattuone tased Patel, Vattuone looked to Patel's group of friends and asked, "want next?" ***Doc. 53-2, Ex. 16, Vattuone Dep. at 42:14–21***.

80. When Patel wrote the apology letter and left the voicemail for Vattuone, Patel had not reviewed or not reviewed carefully that portion of the body worn camera footage depicting Vattuone's use of force. A complete and closer review of the video footage is what prompted Patel to file the subject civil lawsuit. ***Doc. 53-1, Ex. 2, Patel Dep. at 107:20–25, 116:11–118:22***.

Dated: ___October 30, 2024____

SCOTTSDALE INJURY LAWYERS, LLC

/s/_____C. Tony Piccuta_______

C. Tony Piccuta
Attorney for Plaintiff
Prasant Patel